# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JY'ESHA MORGAN,

     Plaintiff,

                             Case No:

v.

                             Hon.

CLINTONDALE COMMUNITY SCHOOLS,

     Defendant.

---

SCOTT P. BATEY (P54711)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 940-5848-fax
sbatey@bateylaw.com

---

## <u>PLAINTIFF'S COMPLAINT</u>

NOW COME, Plaintiff, Jy'esha Morgan, by and through her attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.     Plaintiff, Jy'esha Morgan, is a resident of the City of Warren, County of Macomb and State of Michigan.

2.     Defendant, Clintondale Community Schools is a public, non-profit corporation whose resident agent is Thrun Law Firm, P.C., and whose address is 2900 West Road Suite 400, East Lansing, MI 48823.

3.     Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

5.     Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination/harassment in violation of the violation of Title VII of the Civil Rights Act of 1964, and in violation of the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. ("ELCRA") which resulted in emotional and economic damages to Plaintiffs.

## **GENERAL ALLEGATIONS**

6.     Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7.     Plaintiff was employed by Southwest Foodservice Excellence ("SFE") as a Food Service Worker and was assigned to work on a full-time basis at McGlinnen Elementary School, a school owned, operated and controlled by Defendant.

2

8. At all times relevant, Plaintiff was employed by Defendant as a food service employee and was a breastfeeding mother who required reasonable break time and a private, sanitary location to express breast milk upon returning to work from maternity leave.

9. Plaintiff notified Defendant of her need for workplace lactation accommodations and requested reasonable break time and a private location where she could express breast milk during the workday as required by federal and state law.

10. On November 12, 2024, Defendant approved Plaintiff's request for workplace lactation accommodation to allow Plaintiff reasonable break time and access to a private location to express milk during the workday.

11. By approving Plaintiff's accommodation request, Defendant acknowledged Plaintiff's need for lactation accommodation and its obligation to provide reasonable accommodation while Plaintiff was breastfeeding.

12. After returning to work, Plaintiff was permitted to express breast milk in the Principal's office at McGlinnen Elementary School.

13. Plaintiff generally expressed breast milk between 12:30pm and 1:15 p.m., and Defendant's supervisory personnel knew Plaintiff's regular pumping schedule.

14. While Plaintiff was expressing breast milk in the principals office, a

3

child entered the room and observed Plaintiff while she was partially undressed from the waist up.

15.     Plaintiff immediately stopped expressing breast milk, interrupting her milk flow, and reported the incident to Principal Dr. Shawna Hemler.

16.     Principal Hemler apologized for the incident and acknowledged that the child should have never entered the office while Plaintiff was pumping and that a lock would need to be installed on the office door.

17.     Defendant later claimed  that the office door already had a functioning lock, but that is untrue because if the door had a functioning lock available, the child would not have been able to enter the room during that time.

18.     Supervisory personnel and other adults stationed immediately outside of the principals office knew Plaintiff was expressing breast milk during her regularly scheduled pumping time but failed to prevent the child entering the room.

19.     Following these events, Plaintiff was informed that she could no longer use the Principal's office.

20.     Defendant falsely accused Plaintiff of stealing food from the Teacher's Longue and stealing items from the Principal's office.

21.     Plaintiff denies these accusations and states they were false.

22.     Defendant failed to conduct a fair or objective investigation into the accusations and instead relied on or repeated those accusations in communications

4

with management, damaging Plaintiff professional reputation.

23. These accusations were false and fabricated to justify denying Plaintiff continued access to the principals office for expressing breast milk.

24. Plaintiff repeatedly requested another private lactation space at McGlinnen Elementary School.

25. Defendant informed Plaintiff that no additional private space was available and that another office within the building was "off-limits" and could not be used for lactation purposes.

26. Defendant instead instructed Plaintiff that she could either express breast milk in her personal vehicle or drive from McGlinnen Elementary School to Clintondale High School to use another administrators office.

27. Plaintiff informed Defendant that requiring her to leave her assigned worksite and travel between buildings while actively leaking breast milk was unreasonable because she was already losing breast milk before arriving at the alternate location.

28. Plaintiff further advised Defendant that she was exclusively breastfeeding her infant and relied upon expressing breast milk during the workday to provide nourishment for her child.

29. Plaintiff informed Defendant that timely access to a private lactation space was necessary to maintain her milk supply and prevent physical pain.

30. Plaintiff explained that she had breastfed all of her children, did not use infant formula, and depended upon expressing breast milk during the workday to continue feeding her child.

31. Defendant nevertheless failed to provide Plaintiff with a private, secure, and appropriate lactation space at her assigned worksite.

32. Plaintiff's personal vehicle did not provide adequate privacy because it lacked tinted windows and was parked where students, parents, staff members, and members of the public walked by.

33. Plaintiff was forced to express breast milk under humiliating and degrading conditions.

34. Because Plaintiff was required to travel to another location or use her personal vehicle, Plaintiff experienced painful breast swelling, severe breast and back pain, leakage of breast milk through her clothing, loss of expressed milk, and emotional distress.

35. Plaintiff's work shirts frequently became soaked with breast milk because Defendant failed to provide timely access to an appropriate lactation space, causing Plaintiff humiliation and embarrassment during her job.

36. Defendant also criticized the amount of time Plaintiff required to express breast milk and advised Plaintiff that she should only require approximately 20 minutes.

37.     Plaintiff informed Defendant that that 20 minutes was not sufficient because it did not account for the time required to go to her vehicle, express breast milk, clean pumping equipment, and complete the lactation process.

38.     Plaintiff states that Defendant nevertheless criticized the amount of time Plaintiff required instead of providing the reasonable break time required by law.

39.     Plaintiff states that other employees had previously been permitted to use the principals office for lactation purposes without being subjected to the same interruptions, restrictions, accusations, or limitations imposed upon Plaintiff.

40.     Plaintiff sought assistance from her Macomb County WIC representative regarding Defendant's failure to provide appropriate lactation accommodations.

41.     In January 30, 2025, the Macomb County WIC program sent an email to Defendant explaining that Plaintiff required workplace lactation accommodations.

42.     Upon information and belief the WIC program is a program for Women, Infants and Children administered by the State of Michigan to provide assistance to Women, Infants and Children.

43.     The WIC letter advised Defendant that Plaintiff no longer felt comfortable expressing breast milk in the principals office because of the false

accusations directed towards her and informed Defendant that Plaintiff had been forced to express breast milk in her personal vehicle because no suitable private location had been provided.

44. Despite approving Plaintiff's accommodation request on November 12, 2024, and despite receiving the January 30, 2025 email, Defendant failed on January 31, 2025, to provide Plaintiff with the approved accommodation.

45. Plaintiff repeatedly informed Defendant that the lack of reasonable lactation accommodations was causing physical pain, emotional distress, interruption of breastfeeding, humiliation, inconvenience, and interference with her ability to perform her job duties.

46. Plaintiff states that Defendant continued to rely upon the false accusations concerning theft rather than addressing Plaintiff's repeated requests for accommodation and ensuring compliance with federal and state workplace protections for nursing employees.

47. Plaintiff ultimately felt compelled to leave her employment because Defendant failed to honor its approved accommodations, failed to provide a lawful and reasonable lactation accommodation, subjected Plaintiff to false accusations, and created working conditions that became intolerable.

48. As a direct and proximate result of Defendant's conduct, Plaintiff suffered physical pain, breast swelling, back pain, loss of expressed breast milk,

embarrassment, humiliation, emotional distress, lost wages, loss of employment, and other compensatory damages.

49.     On April 21, 2026, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") Charge Number 23A-2025-00662

50.     Plaintiff was issued a right to sue letter by the EEOC on April 21, 2026.

**COUNT I**
**PREGANCY DISCRIMINATION IN VIOLATION OF TITLE VII OF THE**
**CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000D, _ET. SEQ._, AS AMENDED**
**BY THE PREGANCY DISCRIMINATION ACT OF 1978, Pub. L. 95-555.**

51.     Plaintiff incorporates by reference paragraphs 1 through 50 of the Complaint as though fully set forth herein.

52.     Pursuant to Title VII of Civil Rights Act of 1964, Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from her employer and/or supervisors based upon her sex/gender.

53.     Pregnancy and child birth is a characteristic of Plaintiff's sex/gender as a female, and included in Plaintiff's protection from sex harassment/discrimination under the Pregnancy Discrimination Act of Title VII.

54.     Defendant took adverse employment actions against Plaintiff as a result of Plaintiff's sex and, as a woman who had recently become pregnant.

55. Defendant created a hostile work environment for Plaintiff as a result of Plaintiff's sex/gender as a pregnant woman.

56. Defendant is an employer within Title VII.

57. Plaintiff has been subjected to repeated and continuous harassment and discriminatory treatment based upon her sex and pregnancy by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected.

58. Plaintiff is entitled to exemplary, punitive and compensatory damages pursuant to the Title VII as a result of each and every violation of the act, including costs and reasonable attorney's fees.

59. Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by engaging in sex/gender discrimination in the workplace;

    b. Retaliating against employees who make complaints of discrimination and harassment; and

    c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful.

60. Defendant owed Plaintiff as a pregnant woman, a duty to adequately advise its employees to refrain from discriminating against Plaintiff, a pregnant woman.

10

61.   Defendant breached and violated their duty owed to Plaintiff, by reason of the following acts and/or omissions:

   a.  Failing to prevent or stop harassment on the basis of Plaintiff's sex and pregnancy creating a hostile work environment; and

   b.  Taking adverse employment action against Plaintiff due to her sex and pregnancy including terminating her.

62.   As a direct and proximate result of the actions of the Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

63.   Because of the unlawful conduct of Defendant and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## SEXUAL HARASSMENT/DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA §37.2101, *ET SEQ.*

64.   Plaintiff incorporates by reference paragraphs 1 through 63 of the Complaint as though fully set forth herein.

11

65.     Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from their employer and/or supervisors based upon her sex and pregnancy.

66.     Pregnancy is a characteristic of Plaintiff's sex and is included in Plaintiff's protection from sex harassment/discrimination under Michigan law and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

67.     Defendant created a hostile work environment for Plaintiff as a result of Plaintiff's sex and pregnancy.

68.     Defendant is an employer within Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

69.     Plaintiff has been subjected to repeated and continuous harassment and discriminatory treatment based upon her sex and pregnancy by Defendant, its employees, and agents to the point where her status as an employee has been detrimentally affected.

70.     Plaintiff is entitled to exemplary and compensatory damages pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorney's fees.

71.     Defendant and their agents, employees and representatives breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

12

a. Violating the laws against discrimination by engaging in sex discrimination in the workplace;

b. Retaliating against employees who make complaints of discrimination and harassment; and

c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful.

72. Defendant owed Plaintiff as a female employee, a duty to adequately advise their employees to refrain from discriminating against employees.

73. Defendant breached and violated their duty owed to Plaintiff, by reason of the following acts and/or omissions:

a. Failing to prevent or stop sexual harassment against Plaintiff causing a hostile work environment;

b. Taking adverse employment action against Plaintiff due to her sex and pregnancy; and

c. Retaliating against Plaintiff for her complaints of sex discrimination.

74. As a direct and proximate result of the actions of the Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

75. Because of the unlawful conduct of Defendant, its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

13

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 940-5800-fax
sbatey@bateylaw.com

Dated: July 14, 2026

14

## <u>DEMAND FOR JURY TRIAL</u>

NOW COMES Plaintiff, Jy'esha Morgan, by and through her attorney's,

Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury

on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800-telephone
    (248) 940-5800-fax
    sbatey@bateylaw.com

Dated: July 14, 2026